The opinion of the court was delivered by
Valentine, J.:
This was an action brought by S. G. McConnell against the Adams Express company, for the value of a suit of clothes. Judgment was rendered in the court below in favor of plaintiff and against the defendant; and the defendant, as plaintiff in error, brings the case to-this court for review.
I. The first ruling of the court below complained of was-a refusal to entertain a motion to suppress a deposition. On January 17, 1881, one day before the trial of the case, the-defendant below, plaintiff in error, filed a motion to suppress a deposition which had previously been taken by the plaintiff. On the next day, but prior to the commencement of the trial, the motion was presented to the court for hearing, but the court refused to entertain the same, on the ground that it “was-made too late.” This was error, (Civil Code, §§364, 365;} but whether the error was material or not, may be questioned; and as we think it is not necessary to decide the question in the case, we shall pass to the consideration of the next question.
II. The plaintiff in error claims further, that the evidence in the case does not sustain the findings or judgment, and therefore claims that the court below erred in refusing to-grant it a new trial. The facts of the case, as they appear from the pleadings and evidence, are substantially as follows: Sometime in the month of September, 1878, one R. G. Cook ordered a suit of clothes to be made by the plaintiff, S. G. McConn'ell, who was a merchant tailor, at that time doing-business in Lawrence, Kansas, and ordered them to be sent-to Dodge City, Kansas. Cook selected the materials from which the clothes were to be made, and the price of the suit of clothes was to be $35, and the clothes were to be delivered to Cook at Dodge City, on or before the 14th day of October, 1878. The clothes were finished by the plaintiff, as he claims, *240 in accordance with the contract, and on October 16, 1878, he delivered them to the American Express company at Lawrence, to be carried by it in the direction of Dodge City, to the point where its line connected with that of the Adams Express company; and the American Express company receipted to the plaintiff for the clothes. These goods were ■delivered to the American Express company, to be carried by it and by the Adams Express company in the manner which is usually known as “C. O.D.,” the letters “C.O.D.” meaning that the express company should collect on delivery the price of the goods, with the cost of their transportation, from the consignee. The American' Express company carried the clothes and delivered them to the Adams Express •company, in accordance with its contract, and the Adams Express company carried them on to Dodge City, and soon afterward gave notice to Cook of their arrival at that place, .and requested him to call and pay for the goods and take them away. There is nothing in the case that shows at what point the clothes were delivered to the Adams Express company; nor is there anything in the case that shows when the goods were delivered to that company, or when they were received at Dodge City, or when the notice was given to •Cook, except that all these things transpired within the ■month of October, 1878, and after the 16th day of that month. Cook examined the clothes, and refused to receive them, partly upon the ground that they did not arrive at Dodge City within the time that the plaintiff agreed he 'would deliver them there, but principally upon the ground, :as Cook testifies, that the goods were not such as he ordered. He testified that the goods were to be of certain materials, and to be of the value of $35, but that in fact the clothes ■delivered at Dodge City were not made from the materials which he selected, and were not worth more than $25. The •clothes remained in the possession of the Adams Express company, and while so remaining in its possession, the plaintiff, McConnell, commenced this action against the *241 •company for the value of the clothes, which he alleged were worth $35.
Upon these facts, we do not think that the plaintiff is entitled to recover. There is nothing to show that the defendant, the Adams Express, company, was guilty of any negligence or wrong. The plaintiff claims that the company failed to notify Cook of the arrival of the goods at Dodge City, but the evidence shows the contrary; and besides, there is not the slightest pretense, so far as the evidence shows, that Cook failed to receive the goods because of any want of notice to him. As before stated, he failed to receive them, or rather, refused to receive them, because they were not delivered at Dodge City within the time agreed upon, and because they were not the kind of goods which he had ■ordered; and there is nothing in the record that tends to show that the plaintiff ever demanded the clothes of the defendant, or ever ordered their return to him, or ever ordered their delivery to any other person than Cook, or ever even offered to pay for their transportation from Lawrence to Dodge City. So far as the evidence shows, the only fault or neglect on the part of any person was on the part of the plaintiff. But even if the express company had absolutely failed to give notice to Cook of the arrival of the goods at Dodge City, still Cook knew of their arrival and refused to receive them — and hence the supposed failure of the Adams Express company to give such notice did not cause any damage to the plaintiff; but, from the evidence, the express company was not guilty of any such fáilure.
The judgment of the court below will be reversed, and cause remanded for a new trial.
All the Justices concurring.